

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00610-CV

_____

STARR FRANCIS, Appellant

V.

SHAH HIREN, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2025-04071-JP

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Starr Francis, appearing pro se, attempts to challenge the trial court's order determining that she is not unable to pay court costs. On November 12, 2025, Appellant filed an "Appeal of Denial of Pauper's Affidavit Pursuant to Texas Rule of Civil Procedure 145(g)," which we construe as a "motion" under Rule 145(g). *See* Tex. R. Civ. P. 145(g)(1) (permitting declarant to challenge trial court's order by motion filed in court of appeals). The trial court's order was signed on October 13, 2025, making Appellant's motion due on or before October 23, 2025. *See* Tex. R. Civ. P. 145(g)(2) ("The motion must be filed within 10 days after the trial court's order is signed."). Appellant's November 12, 2025 motion was therefore untimely. *See id.*

Because Appellant's motion was untimely, we notified her of our concern that we lack jurisdiction over this appeal. *See id.* We informed Appellant that this appeal could be dismissed for want of jurisdiction unless she filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant has filed a response, but it does not show grounds for continuing the appeal.

Because Appellant did not timely seek review of the trial court's order, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a).

Per Curiam

Delivered: February 12, 2026

---

[1]In reaching this disposition, we do not assume or opine whether the trial court followed the correct indigency contest procedures applicable to small claims cases originating in justice court. *See* Tex. R. Civ. P. 500.1(a), (e), 506.1; *In re Strickland*, 703 S.W.3d 841, 845–46 (Tex. App.—Austin 2024, orig. proceeding) (discussing former Tex. R. Civ. P. 500.3, current version at Tex. R. Civ. P. 500.1); *Brown v. Hawkins*, No. 05-16-01427-CV, 2018 WL 1312467, at *4 (Tex. App.—Dallas Mar. 14, 2018, no pet.) (mem. op.) (same). We also note that this disposition does not affect Appellant's ability to appeal any subsequent dismissal by the county court for failure to pay court costs and appeal bond. *Cf. Brown*, 2018 WL 1312467, at *4–5.